UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-60895-CIV-MORENO

NIROL JESUS POSADA,
and others similarly situated

    Plaintiffs,

vs.

PAGE BROTHERS ASSOCIATES, INC., a
Florida Corporation d/b/a "CORAL SPRINGS
AUTO MALL",

    Defendant.
_____/

## ORDER GRANTING CONDITIONAL CLASS CERTIFICATION

Plaintiffs seek damages against Defendant for allegedly failing to pay minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs are current and former car salespersons at a dealership known as "The Coral Springs Auto Mall." Defendant Page Brothers Associates, Inc., is a privately-owned corporation, along with Coral Springs Nissan, Inc. and Coral Oldsmobile, Inc., all operating under the same registered fictitious trade name of "The Coral Springs Auto Mall." (Answer ¶ 3.)

Before this Court is Plaintiffs' motion which seeks: (1) conditional certification for collective action under the FLSA, (2) expedited production by Defendant for all available contact information of all persons ever employed as an automobile salesperson at any time between June 17, 2006 and the present, (3) a comprehensive Excel spreadsheet list produced by Defendant with an alphabetical listing of all such persons' contact information, (4) permission to mail a Court approved notice to all such persons about their rights to opt-in to this collective action, and (5) to toll the applicable

statute of limitations period from the date the complaint was filed until the "opt-in" deadline established by the Court.

In support of Plaintiffs' motion, Plaintiffs submitted twelve affidavits all asserting that, to the extent other current and former automobile salespersons of Defendant become aware of this suit and their rights under the FLSA, they would join this lawsuit. Under the FLSA, an employee may bring an action to recover unpaid wages "in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). When a plaintiff seeks to create a collective class, the other similarly situated employees must affirmatively opt-in the action by filing a written consent with the court. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001).

## ANALYSIS

To begin the process of certifying a class under Section 216(b), a plaintiff must seek court authorization to send notice to potential class members. *Id.* at 1219. The court has the ultimate discretion in determining whether to create an opt-in class under Section 216(b). *Id.* When exercising that discretion, the court "should satisfy itself that there are other employees of the . . . employer who desire to 'opt-in' and who are 'similarly situated' with respect to their pay provisions." *Dybach v. Fla. Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Other employees are "similarly situated" if their position is "similar, not identical, to the positions held by the putative class members." *Hipp*, 252 F.3d at 217. Although the burden is "not heavy," plaintiffs must make "detailed allegations supported by affidavits." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096-97 (11th Cir. 1996). Indeed, plaintiffs must demonstrate a "reasonable basis for crediting their assertions that aggrieved individuals exist[] in the broad class that they propose[]." *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983).

This Court employs the two-tiered approach to determine class certification as recommended

by the Eleventh Circuit in *Hipp,* 252 F.3d at 1218. At the first stage, referred to as the "notice stage," the district court "makes a decision usually based only on the pleadings and any affidavits" and analyzes whether to authorize notification to other potential class members. *Id.* "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* Then, if the district court grants conditional certification, "the putative class members are given notice and the opportunity to 'opt-in.'" *Id.* The case then continues as a representative action throughout discovery. *Id.*

Here, Plaintiffs provided affidavits of current and former employees of Defendant. All affiants share the same job title as "automobile salesperson" and work under the same commissions-only pay plan. None of the employees were salary workers and all were paid strictly on a commission basis. Some of the affiants were allowed an occasional pay advance, though they claim it was strongly discouraged. All of the affiants' payments were distributed on a bi-weekly basis, and the amount depended upon the number of automobiles actually sold by a given salesperson during the pay period. Occasionally, some of the salespersons received bonuses in addition to the commission they earned. Each affiant asserts that if other employees, both current and former, knew about this lawsuit, they would join the suit. These affidavits contain sufficient detailed allegations to demonstrate that a reasonable basis exists for Plaintiffs' claim of classwide discrimination.

Defendant opposes conditional class certification for the following reasons:(1) Plaintiffs have not provided evidence that there are potential class members who desire to join the lawsuit because they do not identify any one by name, (2) Plaintiffs have not established that other employees are similarly situated and subject to minimum wage violations, (3) Plaintiffs have not established a uniform policy or plan at Defendant's place of employment that violates the FLSA, and (4) factual dissimilarities among the putative class and individualized defenses make a collective action

unmanageable.

Defendant's first two arguments fail because Plaintiffs have provided sufficient evidence to demonstrate a reasonable basis for their claim. Additionally, since the initial filing of this lawsuit, twenty-two more individuals have consented to join the suit, further supporting Plaintiffs' position that there are other similarly situated potential plaintiffs who desire to opt-in to this lawsuit.

Defendant's third argument is unpersuasive because Plaintiffs do allege that Defendant's pay policy violates the FLSA. Plaintiffs argue that Defendant's pay policy conditions payment of minimum wage on the salesperson's ability to generate sufficient commission sales to cover the minimum wage. Therefore when salespersons do not generate enough sales to meet the minimum wage, Defendant's policy results in the alleged FLSA violations.

Defendant's fourth argument also fails because even if plaintiffs worked in different states, the flexible "similarly situated" requirement can still be met when all the plaintiffs hold the "same job title, and they all allege[] similar though not identical . . . treatment." *See Hipp*, 252 F.3d at 1219; *see also Grayson,* 79 F.3d at 1098-99. And so, the affiants same job title and similar treatment satisfy the "similarly situated" standard.

## CONCLUSION

Considering all the commonalities between Plaintiffs and the putative class, the Court hereby GRANTS Plaintiffs' motion for conditional class certification. The "similarly situated" requirement does not necessitate affidavits from persons with "identical" positions as the putative class, but instead merely similar positions. *Hipp,* 252 F.3d at 1217. Because Plaintiffs have supported their claim with individuals in similar positions, the Court finds that Plaintiffs have met the conditional certification requirement. It is also

**ADJUDGED** that Plaintiffs' request for expedited production and a comprehensive Excel

spreadsheet list is GRANTED in PART and DENIED in PART. Defendants shall produce to Plaintiffs a list containing the names, job titles, dates of employment, last known addresses, telephone numbers, and email addresses for all current and former employees of Defendant who work or worked at the "Coral Springs Auto Mall" as salespersons between June 17, 2006 and the present, and who received less than the applicable minimum wage. Defendant shall produce this list in both hard copy and electronic format by **February 26, 2010**. It is also

**ADJUDGED** that the Court GRANTS permission to mail out the Court approved Notice. Finding neither parties' proposed notice on its own satisfactory, the Court used part of Defendant's proposed notice as a blueprint and incorporated many of Plaintiffs' concerns in the final proposed notice. Defendant sought to limit notice to salespersons employed by Page Brothers Associates, Inc. exclusively; however, the Court finds the goals of the Notice are better served by including the entire caption name as it appears in the complaint, and specifically adds "Coral Springs Auto Mall" to the Notice. In the pleadings and in the in the cross motions for summary judgment, both parties dispute the minimum wage rate that applies to Plaintiffs' claim. The Court reserves deciding this issue until ruling on the cross motions for summary judgment, and finds that using the phrase "applicable minimum rate" on the Notice is sufficient for this notice stage.

Defendant also expressed concerns that potential plaintiffs may mistakenly believe the Court is not impartial if the Notice includes the case name, case number, and a statement indicating that the Court authorized the Notice. However, the second sentence in the Notice states that "The Court has made no finding as to the merits of the case at this time." Later in the last paragraph the Notice states that the Court has not decided the case and does not guarantee that there exists or ever will be any recovery. Therefore, the Court does not find it necessary to exclude otherwise helpful information, especially because statements in the Notice sufficiently address Defendant's concerns.

Plaintiffs shall mail out the Court approved Notice via regular U.S. Mail, by **March 5, 2010**. Potential opt-in, similarly situated plaintiffs must consent to opt-in to this litigation by **March 26, 2010**. It is also

**ADJUDGED** that the Court DENIES Plaintiffs' request to toll the applicable statute of limitations. The burden to demonstrate that equitable tolling is warranted rests with the plaintiff. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993). Accordingly, because Plaintiffs have failed to adduce any evidence of "extraordinary circumstances that are both beyond [Plaintiffs'] control and unavoidable even with diligence," *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999) (citations omitted), to warrant the tolling of the statute of limitations, the Court DENIES Plaintiffs' request.

DONE AND ORDERED in Chambers at Miami, Florida, this 10 day of February, 2010.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

*This is a Court-Authorized Notice and is not a solicitation from a lawyer. The Court has made no finding as to the merits of the case at this time.*

**IF YOU ARE OR WERE, AN AUTOMOBILE SALESPERSON AT PAGE BROTHERS ASSOCIATES, INC., WHICH DOES BUSINESS AS "CORAL SPRINGS AUTO MALL," WHO EARNED LESS THAN THE APPLICABLE MINIMUM WAGE, A COLLECTIVE ACTION LAWSUIT MAY AFFECT YOUR RIGHTS**

Nirol Jesus Posada, and other current and former car salespersons, have sued Page Brothers Associates, Inc., doing business as "Coral Springs Auto Mall," in federal court in Miami, alleging that there were not paid the minimum wage, a violation of the Fair Labor Standards Act. The case name is *Nirol Jesus Posada, and others similarly situated vs. Page Brothers Associates, Inc., a Florida Corporation d/b/a "Coral Springs Auto Mall."* The case number is: *09-60895-CIV-MORENO/TORRES.*

The Court has allowed the Plaintiff to send notice to all similarly situated current and former car salespersons that they may be permitted to "opt-in" to, or join, this lawsuit to assert their similar legal rights.

The Court has not yet decided whether Page Brothers Associates, Inc., doing business as "The Coral Springs Auto Mall" has done anything wrong. There is no money available now and no guarantees that there will be any money. However, you have a choice to assert your legal rights in this case.

| Your Legal Rights and Options ||
|---|---|
| Do Nothing | **Do Nothing and lose nothing (except resulting from the passage of time).** By doing nothing, you retain your legal rights to bring a separate suit against Defendant, Page Brothers Associates, doing business as "Coral Springs Auto Mall," for not being paid the applicable minimum wage. If money or benefits are later awarded in this case, you will not share in them. |
| Ask to be included in the lawsuit | **Complete the Opt-In Consent Form:** By "opting in," you gain the possibility of receiving money or benefits that may result from a trial or settlement, but you give up your right to separately sue Page Brothers Associates, Inc. doing business as "Coral Springs Auto Mall," for the same legal claims brought in this lawsuit. |

  If you do choose to join this lawsuit, you may select your own separate counsel, or you may choose to be represented by Anthony F. Sanchez, P.A. who represents Nirol Jesus Posada, the individual who initiated the lawsuit and several other individuals who have elected to join the lawsuit. The law prohibits anyone from discriminating or retaliating against you for taking part in this case.

  Your options are included in this notice. To opt-in, you must complete the "Notice of Consent to Opt-In Pursuant to 29 U.S.C. § 219" form and mail to it to the Clerk of Court on or before **March 26, 2010**. The Clerk of Court's mailing address is the following:

Clerk of Court  
United States District Court  
Southern District of Florida  
Wilkie D. Ferguson, Jr. Courthouse  
400 North Miami Avenue, 8th Floor  
Miami, FL 33128  

If you have any questions or concerns, please contact:  
Representative Plaintiff's Counsel  
Anthony F. Sanchez, P.A. Law Offices  
Anthony F. Sanchez, Esq.  
1450 Madruga Ave., Suite 408  
Coral Gables, FL 33146  
Telephone: (305) 665-9211  
Facsimile: (305) 662-2524  
e-mail: afspalaw@aol.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  09-60895-CIV-MORENO

NIROL JESUS POSADA,
and others similarly situated,

    Plaintiffs.

vs.

PAGE BROTHERS ASSOCIATES, INC., a Florida Corporation d/b/a "CORAL SPRINGS AUTO MALL",

    Defendant.
_____/

### NOTICE OF CONSENT TO OPT-IN PURSUANT TO 29 U.S.C. § 216 (b)

1. I hereby consent, pursuant to 29 U.S.C. Section 216(b), to become a party plaintiff in this lawsuit.

2. By choosing to join this lawsuit, I understand that I designate the representative Plaintiff as my agent to make decisions on my behalf concerning the litigation, including entering into settlement agreements.  These decisions will be binding on me if I join this lawsuit.

3. By choosing to join this lawsuit, I understand that I will be bound by the judgment, whether it is favorable or unfavorable.

4. I hereby agree to be represented by Anthony Sanchez, P.A. Law Offices, counsel for the representative Plaintiff.

_____    _____
Signature                                                              Today's Date

_____
Print your first, middle and last name

_____
Home Address

_____    _____
Home Telephone Number                                  Cell Phone Number

_____
Email Address

<u>Please mail the completed form to the following address:</u>
Clerk of Court
United States District Court
Southern District of Florida
Wilkie D. Ferguson, Jr. Courthouse
400 North Miami Avenue, 8th Floor
Miami, FL 33128