UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-60895-CIV-MORENO

NIROL JESUS POSADA,

    Plaintiff,

vs.

PAGE BROTHERS ASSOCIATES, INC., a Florida Corporation d/b/a "CORAL SPRINGS AUTO MALL",

    Defendant.
_____/

## ORDER GRANTING MOTION TO COMPEL BETTER DISCOVERY RESPONSES IN PART AND ORDER DENYING MOTION FOR SANCTIONS

THIS CAUSE came before the Court upon Defendant's Motion to Compel Better Discovery Responses and Sanctions (**D.E. No. 55**), filed on **December 16, 2009**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to compel better discovery responses is GRANTED IN PART and the motion for sanctions is DENIED. The motion to compel better discovery responses is GRANTED as follows:

(1) If Plaintiffs do not have responsive documents to Defendant's requests, then Plaintiff must specifically state that none exist.

(2) Plaintiffs shall comply with Defendant's discovery requests except to the extent the information requested contains attorney client privilege or attorney work product information. If documents requested contain privileged information or constitute attorney work product, Plaintiff must compile a thorough privilege log with a description of the allegedly privileged

documents.

(3) Plaintiffs must produce documents irrespective of whether Defendant's counsel may have equal access to such documents. *See Rivers v. Asplundh Tree Expert Co.*, No.5:08cv61, 2008 WL 5111300 (N.D. Fla. Dec. 3, 2008) (noting "the fact that Defendant's counsel may already possess, by virtue of the EEOC investigation, some of the documents and information included in her discovery requests to Plaintiff does not excuse Plaintiff's failure to fully respond to the discovery requests).

(4) Defendant must narrow the scope of Request No. 15. Defendant's request should be limited to lawsuits or complaints against past employers and Defendant. Defendant is entitled to request information relating to other lawsuits filed by Plaintiffs because "any evidence that Plaintiff may have a history of filing contrived lawsuits may be relevant to Plaintiff's credibility." *Gutescu v. Carey Int'l Inc.*, No. 01-4026, 2003 WL 25589035 (S.D. Fla. June 24, 2003).

(5) Plaintiffs must respond to Defendant's Interrogatory No. 4, and provide the requested information since the date of June 14, 2006.

(6) Plaintiffs must respond to Defendant's Interrogatory No. 6. All Plaintiffs must each separately identify the specific amount of damages he or she is claiming, how such damages were calculated, and the basis for those calculations.

(7) Plaintiffs, including opt-in Plaintiffs, must respond to Defendant's request for production and interrogatories in accordance with this Order by no later than **April 30, 2010**.

DONE AND ORDERED in Chambers at Miami, Florida, this 5 day of April, 2010.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record